UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARINA NIKOLAEVNA
IVANOVA,

        Plaintiff,                Case No. 1:10-cv-368

v.                                          Hon. Robert J. Jonker

MICHIGAN, STATE OF,

        Defendant.
_____/

**OPINION**

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

    **I.**    **Discussion**

Dismissal of a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In order to survive dismissal under § 1915(e)(2)(B),

> [a] complaint must contain ' "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." ' *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1106 (7th Cir. 1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Lillard v. Shelby Coounty Bd. of Educ.*, 76 F. 3d

716, 726 (6th Cir. 1996); *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

*Mitchell v. Community Care Fellowship*, 8 Fed. Appx. 512, 513 (6th Cir. 2001).

In the present case, plaintiff's complaint consists of the following allegations (in her words):

> I, Marina Nikolaevna Ivanova, the Unkrainian citizen with the Ukrainian government on my behalf filing his Lawsuit - complaint for very complicated issue as a Federal - International matter. As an English is my second launguage, I will try to explain to the best of my ability of understanding english launguage and writing.
>
> I beleive in justice. So here I am in your court. There was violations of my Constitutional and Civil Rights take place. I am a mother of two. My childrens rights was also violated. They have dual citizenship.
>
> The Law of the Land. "Supremacy clause" -- is my complaint.
>
> I believe that the statements above are true to the best of my information, knowledge, and belief.

Docket no. 1. Plaintiff attached a statement to the complaint stating that she is working with the Ukrainian government and embassy to obtain documents to the support the allegations. *See* docket no. 1-2. Plaintiff also attached a page listing the following legal "Arguments": (I) search warrant does not exist; (II) Miranda rights were not given; (III) interpreter was not provided; and (IV) due process and constitutional rights violated. *Id.* An additional attachment stated that violations of the First, Fourth, Fifth and Fourteenth Amendments occurred. *Id.* On a final attachment, plaintiff set forth a "statement of the case" which listed the violation of the following constitutional rights: the right to due process; the right to the Fourth Amendment rights; the right to equal protection under the law - protection against unlawful discrimination, bias, or treatment; the right to privacy - freedom from unwarranted government intrusion into personal and private affairs; the right to understand and

2

be understood; the right to Miranda Rights; the right to an interpreter; the right to Fourteenth Amendment rights; and the rights of the Constitution of the United States. *Id.*

The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Despite a liberal reading of plaintiff's complaint, the court concludes that the complaint fails to state a cause of action. Plaintiff's complaint does not allege any particular wrongful conduct against plaintiff or her two children (neither of whom are parties to this action). The complaint simply alludes to some type of criminal prosecution (i.e., the complaint references the lack of a search warrant, the absence of Miranda Rights, and an interpreter was not provided) and some type of involvement with the Ukrainian government. Plaintiff's complaint should be dismissed because it consists of nothing more than a series of non-specific factual allegations, vague inferences, legal arguments and unwarranted legal conclusions. *See, e.g., Mitchell*, 8 Fed. Appx. at 513-14 (district court properly dismissed a complaint under § 1915(e)(2), where the plaintiff's complaint "contain[ed] no factual allegations in support of her apparent claims of intimidation, harassment, and discrimination"). Accordingly, plaintiff's complaint is subject to dismissal for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, plaintiff's complaint is subject to dismissal for lack of jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The vague, attenuated and unsubstantial allegations set forth in plaintiff's complaint are insufficient to establish subject matter

jurisdiction in this court. Accordingly, plaintiff's complaint will be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**II.    Conclusion**

Plaintiff's complaint will be dismissed for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A judgment consistent with this opinion will be entered forthwith.


Dated:     June 2, 2010                       /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE